Eminent Household of Columbian Woodmen *v.* Wicker.

[76 South. 634, Division A.]

1. INSURANCE. *Mutual benefit insurance. By-laws as part of contract.*

   Under a mutual benefit insurance policy so providing, the insured is bound by a by-law of the society adopted subsequent to the issuance of his policy, requiring an X-ray photograph to be furnished the society as a part of the proof of a disability covered by the policy, and the fact that members of his family were so ill during the time his arm was broken that he could not leave long enough to have such a photograph taken would not relieve him from his obligation to comply with this by-law.

2. MUTUAL BENEFIT INSURANCE. *Defenses. Condition precedent. Statute.*

   Where a mutual benefit insurance policy is a dual one covering both life and physical disabilities, in so far as it is a disability

policy it does not come within the terms of section 2636, Code, 1906, so that the failure of the insurer to file a copy of a by-law, requiring an X-ray photograph as part of the proofs of disability in case of a broken arm did not prevent the insurer from setting up the defense that such photograph was not furnished.

APPEAL from the circuit court of Winston county. HON. H. H. RODGERS, Judge.

Suit by Chas. W. Wicker against the Eminent Household of Columbian Woodmen. From a judgment for plaintiff, defendant appeals.

The appellee, through accident, suffered a broken arm. At the time of this injury he carried a policy in the appellant company, which stipulated that in event of a broken arm the company would pay him two hundred dollars. The policy also provided for the payment of two thousand dollars in case of death. One of the stipulations in the policy was as follows:

"In event of broken arm or leg after this covenant has accumulated its full denomination, this guest shall receive two hundred dollars, or at an earlier date, the same percentage of value of the covenant as this sum would be of its full accumulative denomination."

The appellee made an effort to comply with this stipulation, but never did have an X-ray photograph made of the fracture and furnished to the appellant. His demand for payment of the sum of two hundred dollars being refused, he instituted suit. There was a peremptory instruction for the appellee, and from a judgment in his favor this appeal is prosecuted.

On appeal it is urged that it is not affirmatively shown that a copy of the by-laws of the company was filed with the insurance commissioner, as required by section 2636, Code of 1906, which is as follows:

"Charter, By-Laws, Rules, to be Filed with Commissioner.—Every corporation, company, society, organization or association of this or of any other state or country, transacting business of life insurance upon the cooperative or assessment plan, shall file with the com-

missioner of insurance and banking, before commencing to do business in this state, a copy of its charter or articles of association, as well as the by-laws, rules or regulations referred to in its policies or certificates, and made a part of said contract. That no by-laws or regulations, unless so filed with the commissioner, shall operate to avoid or affect any policy or certificate issued by such company or association.''

*L. Brame* and *J. A. Teat,* for appellant.

*Flowers, Brown, Chambers & Cooper,* for appellee·

SMITH, C. J., delivered the opinion of the court.

Appellee's contract so providing, he is bound by appellant's by-law adopted subsequent to the issuance of his policy, requiring an X-ray photograph to be furnished appellant as a part of the proof of a disability covered by the policy, and the fact that members of his family were so ill during the time his arm was broken that he could not leave long enough to have such a photograph taken did not relieve him from his obligation to comply with this by-law.

The policy here sued on is a dual one, covering both life and physical disabilities, and in so far as it is a disability policy, it does not come within the terms of section 2636, Code of 1906, so that the failure of appellant to file a copy of this by-law with the commissioner of insurance is not here material·

The court below should have granted the peremptory instruction requested by appellant, and not the one requested by appellee. Reversed, and judgment here for appellant.

*Reversed.*